1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PATRICK BLACKSHIRE,                              No.  2:15-cv-1126 KJM CKD PS

12                    Plaintiff,

13        v.                                          ORDER

14   SACRAMENTO COUNTY,

15                    Defendant.

16

17        Plaintiff is proceeding in this action pro se and in forma pauperis.  Plaintiff has filed an

18   amended complaint.

19        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the

20   action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

21   or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

22   § 1915(e)(2).

23        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

24   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

25   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

26   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

27   490 U.S. at 327.

28   /////

1

1      In order to avoid dismissal for failure to state a claim a complaint must contain more than

2  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

3  of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

4  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

5  statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

6  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

7  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

8  the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct.

9  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

10  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

11  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

12  U.S. 232, 236 (1974).

13      Plaintiff has filed a two sentence complaint which does not name any defendant.

14  Accordingly, the court finds the allegations in plaintiff's complaint so vague and conclusory that

15  it is unable to determine whether the current action is frivolous or fails to state a claim for relief.

16  Although the complaint is short, it does not contain a plain statement as required by Fed. R. Civ.

17  P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give

18  fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev.

19  Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

20  particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because

21  plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must

22  be dismissed.  The court will, however, grant leave to file a second amended complaint.

23      If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional

24  grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).

25  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation

26  of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

27      It appears that plaintiff may be trying to state a claim for violation of his civil rights.

28  Plaintiff is advised that the Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

To state a claim against the County of Sacramento, plaintiff must set forth facts alleging that local government officials have intentionally violated plaintiff's constitutional rights, the violation was part of policy or custom and was not an isolated incident, and that there is a link between the specific policy or custom to the plaintiff's injury.  See Monell, 436 U.S. at 690-92.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's amended complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an

original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  July 8, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 blackshire1126.lta2

4